IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

      **Plaintiff,**

      v.                                                                        CASE NO. 23-3217-JWL

(FNU) SNYDER, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jeffrey L. McLemore is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.) On October 3, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 6. The Court's screening standards are set forth in the Court's MOSC.

Plaintiff sets forth substantially the same facts that he asserted in his original Complaint. Plaintiff's claims relate to his state criminal proceedings. He claims that Kolton Glavin complained to SCJ staff about missing phone time at the SCJ. Plaintiff claims that Defendant

1

Snyder, an investigator at the Saline County Sheriff's Office, took the report, conducted an investigation, and ultimately charged Plaintiff. Plaintiff alleges that once he was back in custody, he informed Snyder that he had used the phone account with Glavin's permission.

Plaintiff claims that Glavin was contacted by Snyder and informed Snyder that Plaintiff was a friend and Plaintiff did not steal anything from Glavin. Plaintiff claims that Snyder did not follow through and dismiss the case.

Plaintiff claims selective/malicious prosecution and illegal detention. Plaintiff alleges that his arrest in this case "led to another causally connected unlawful detention/arrest." (Doc. 6, at 4.) Plaintiff also alleges a conspiracy to interfere with the vindication of constitutional rights. *Id.* at 5. Plaintiff names as defendants: (fnu) Snyder, Saline County Sheriff's Office Investigator; and Brad Sutton, Saline County District Attorney. Plaintiff seeks punitive, nominal, and compensatory damages, and declaratory relief.

## II. DISCUSSION

Plaintiff's Amended Complaint suffers from the same deficiencies set forth in the Court's MOSC. Plaintiff names the county prosecutor and the investigator as the sole defendants. The Court directed Plaintiff to show good cause why his claims against the county prosecutor should not be dismissed based on prosecutorial immunity. The Court also found that the Tenth Circuit has stated that the reach of immunity extends to a district attorney's investigator. *See Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006). "An investigator who prepares a criminal complaint and seeks an arrest warrant is therefore entitled to absolute immunity." *Id*. (citing *Roberts v. Kling,* 144 F.3d 710, 711 (10th Cir.1998)). Plaintiff's Amended Complaint continues to name the same defendants and fails to address the issue of immunity as set forth in the MOSC.

The Court also found in the MOSC that Plaintiff's claims relate to his state criminal proceedings in Saline County, Kansas. *See State v. McLemore*, Case No. 2022-CR-558, filed June 29, 2022 (District Court of Saline County, Kansas). The docket for the case shows that it is still pending with a preliminary hearing scheduled for October 24, 2023.

The Court advised Plaintiff that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as

well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Saline County, Kansas.

### III.  Motion for Leave to Proceed In Forma Pauperis

Plaintiff has filed a second motion for leave to proceed in forma pauperis (Doc. 7.) Because the Court granted Plaintiff's first motion for leave to proceed in forma pauperis, the Court denies the current motion as moot.

### IV.  Response Required

Plaintiff is required to show good cause why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this case without prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 7, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed in forma pauperis (Doc. 7) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated October 17, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**