IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

      **Plaintiff,**

      v.                                                                     CASE NO. 23-3217-JWL

(FNU) SNYDER, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.) The Court screened Plaintiff's Amended Complaint (Doc. 6) and entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") advising Plaintiff that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). This matter is before the Court on Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 9) and Request for Injunctive Relief (Doc. 10).

Plaintiff seeks to supplement his complaint "based on newly discovered evidence/information of constitutional rights violation(s)." (Doc. 9, at 1.) Plaintiff then attaches a proposed supplemental brief stating that the state prosecutor, Defendant Brad Sutton, filed a response to a request for recusal in the state criminal proceedings in which Sutton referred to Plaintiff as "a foul mouthed child, pouting, throwing temper tantrums, etc." *Id*. at 3. Plaintiff then seeks injunctive relief in the form of an order removing Sutton "from preciding [sic] as

prosecutor over [Plaintiff's] filings in present or future form while this act is pending due to retaliatory act(s) referred to herein." *Id*. at 6.

Likewise, in Plaintiff's Request for Injunctive Relief, he states that in light of the information in his supplemental brief, the Court should "issue an injunctive order causing the removal of Brad Sutton as the Dst. Atty in Plaintiff(s) crm matter(s) due to the multiplicious [sic] libelous and slanderous comment(s) and malicious filings made by and through the prosecuting atty Brad Sutton . . .." (Doc. 10, at 1, 5.) Plaintiff claims that Sutton uses "irritantly [sic] descriptive language in his 'emotion filled' libelous and slanderous motion . . . as he 'time and again' refers to [Plaintiff] as a foul mouthed child, pouting, throwing temper tantrum, etc." *Id*. at 2. Plaintiff also asks the Court to consider ordering a change of venue for his state criminal proceedings. *Id*. at 5.

The Court found in the MOSC that Plaintiff's claims relate to his state criminal proceedings in Saline County, Kansas. *See State v. McLemore*, Case No. 2022-CR-558, filed June 29, 2022 (District Court of Saline County, Kansas). The Court advised Plaintiff that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197

(citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

3

Because the Court is abstaining from hearing this case, Plaintiff's motion to supplement and request for injunctive relief are denied without prejudice.[1]  This case will be stayed pending further order of the Court.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 9) and Request for Injunctive Relief (Doc. 10) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that this matter is **stayed** pending further order of the Court.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS SO ORDERED**.

**Dated October 27, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1]  The Court also found in the MOSC that county prosecutors enjoy prosecutorial immunity.